REBA C. SMITH, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF ARCHIE
WAYNE SMITH v. JOHNNIE WADE STARNES

No. 8722SC678

(Filed 2 February 1988)

**Automobiles and Other Vehicles § 45— wrongful death action—evidence that defendant had liability insurance on vehicle two months before accident**

> The trial court in a wrongful death action did not err in excluding evidence that defendant had certified that he had liability insurance on the vehicle in question some two months before the accident giving rise to this action, since this evidence did not show agency, ownership or control on the later date within the purview of N.C.G.S. § 8C-1, Rule 411.

APPEAL by plaintiff from *Davis, Judge*. Judgment entered 5 March 1987 and order entered 11 March 1987 in Superior Court, DAVIDSON County. Heard in the Court of Appeals 11 January 1988.

Plaintiff administratrix instituted this action to recover damages for the alleged wrongful death of her intestate on 7 August 1980 as a result of an automobile collision. The complaint alleges, in part, that on the date of the accident defendant was the owner of a 1970 Chevrolet automobile negligently operated by David Allen Graf, as agent of and with the authority, consent and knowledge of defendant. Defendant answered and denied all allegations as to agency, ownership of the vehicle and negligence.

On 18 February 1987, the trial court allowed defendant's motion pursuant to G.S. 1A-1, Rule 42(b) to sever the agency issue from issues of negligence and damages. On the same date, the trial court also allowed defendant's motion *in limine* prohibiting introduction of any evidence of liability insurance defendant may have had on the 1970 Chevrolet.

At trial, plaintiff introduced in evidence certified copies of the title records of the Division of Motor Vehicles tending to show that on 7 August 1980 registered title to the 1970 Chevrolet was in the name of defendant. Plaintiff had available for introduction certified copies of the registration certification and financial responsibility certification from the Division of Motor Vehicles which would have shown that on 29 May 1980 the defendant certified that he had liability insurance on the vehicle. In accordance

with the court's ruling on the motion *in limine,* all reference to defendant having certified that he had liability insurance on the vehicle on 29 May 1980 was deleted from the copy of the registration certification received in evidence.

Defendant offered evidence tending to show that in July 1980 he traded the 1970 Chevrolet to Christopher Brandow who thereafter retained possession of the vehicle. Defendant testified he did not know Graf and had never had any contact with him at all.

The agency issue was submitted to the jury and was answered in favor of defendant. From a judgment entered for defendant and an order denying plaintiff's motion for a new trial, plaintiff appeals.

*Wilson, Biesecker, Tripp & Sink, by Joe E. Biesecker, for plaintiff-appellant.*

*Brinkley, Walser, McGirt, Miller, Smith & Coles, by Stephen W. Coles, for defendant-appellee.*

SMITH, Judge.

Plaintiff asserts as error the trial court's granting of defendant's motion *in limine* precluding the introduction of any evidence that defendant had liability insurance on the 1970 Chevrolet. Plaintiff contends that evidence of liability insurance was admissible pursuant to G.S. 8C-1, Rule 411 to show agency, ownership and control of the automobile in question.

G.S. 8C-1, Rule 411 provides:

Evidence that a person was or was not insured against liability is not admissible upon the issue whether he acted negligently or otherwise wrongfully. This rule does not require the exclusion of evidence of insurance against liability when offered for another purpose, such as proof of agency, ownership, or control, or bias or prejudice of a witness.

The only items which appear of record concerning liability insurance are the registration certification and the financial responsibility certification. The record fails to disclose that plaintiff made any offer of proof of these entire documents containing the insurance certifications as required by G.S. 8C-1, Rule 103(a)(2).

This Court, however, has considered the assignment of error in the interest of justice. G.S. 8C-1, Rule 103(d).

Both records which plaintiff now contends should have been admitted merely tend to show that defendant had certified that he had liability insurance on the vehicle on 29 May 1980. The fact that defendant may have had liability insurance on the vehicle some two months before the accident does not tend to show agency, ownership or control on the later date.

As the items in question do not tend to show agency on the date of the accident, G.S. 8C-1, Rule 411 has no application. Further, the documents are not relevant and are thus inadmissible. G.S. 8C-1, Rule 401 and 402.

Affirmed.

Judges ARNOLD and WELLS concur.